2039-2044 Benton Benalcazar v Genoa Township OH Oral argument not to exceed 15 minutes per side Ms. Guzzo, you may proceed for the plaintiffs Thank you. Thank you, your honors. Good morning. Good morning. It's the court, Peggy Guzzo, counsel on behalf of intervenors appellants. I would like to reserve three minutes for rebuttal. Okay. Thank you. Intervenors appellants are here on appeal from the Southern District Court from its enter its opinion order entered on August 24 2020. The district court granted in part and denied the rest intervenors appellants motion to dismiss plaintiffs a police complaint entirely. And it also accepted the consent degree entered into by defendants, a police and plaintiffs, a police which intervenors are not part of. The matter arises from the plaintiff appellees Benalcazar's complaint claiming that the results of the Genoa Township referendum in 2018 denied their substantive due process when it denied their rezoning from rural residential RR to PRD plan residential district. Secondly, they violated they claimed that the referendum violated. Ms. Guzzo, can I ask you a question that really is for all three of you and just help orient me in the case. One thing that seems a little odd to me about the case is this assumption everyone seemed to share that a ruling on the 12 be six motion was central to whether you could have a consent decree, and I guess I'm just not sure I understand that. You know the point of a settlement is to resolve differences and the only reason a federal court couldn't participate would be because there was no subject matter jurisdiction but a 12 be six motion doesn't go to subject matter jurisdiction that's a merits point. So what I'm, but I find myself, frankly, quite confused by was the fact that you were allowed to intervene, just for 12 be six, not for the consent decree but everyone thought the 12 be six was central to the consent decree, I, I find myself thinking the 12 be six motions irrelevant if the parties want to settle. They can settle, I mean the only reason they couldn't is if there truly was not subject matter jurisdiction, I know federal question at all, or one that's so frivolous. It didn't implicate the subject matter jurisdiction of the federal courts, can you help me through that. Yes, absolutely. I mean that is our, our contention is that the reason that we that we intervene is that we believe it's a sham process that there's no real controversy. They filed a complaint, because in essence they didn't like the results of our referendum. They didn't have a substance due process claim they didn't have an unequal protection claim. But yet they sought in the federal court relief, claiming that they had a claim in order to implicate a 505.07 within the revised code high revised code, but just to be clear. Under steel co and hood to have to be a sham. Your word. The claim has to be so frivolous that it doesn't even implicate the subject matter jurisdiction of the federal courts that's a very different standard from plausibility under 12 be six, and I fear if that's your position. You have a very steep climb. It's not, it's not that hard to file a non frivolous complaint. I believe that they don't have a plausible can't claim, and because No plausible 12 be six. All right, that's that's exactly the point I'm trying to make frivolous is what you need to show that there's no judge Marbley had no authority over this case. Well, I would contend that our position, and I think our argument lays out that not only is you're not a plausible claim, but let me finish, but it's also that it was a frivolous lawsuit, because there was no claim they could not even make an argument that there was. The other thing is, is that as the Supreme Court has as has pointed out, as well as the Sixth Circuit, when you're entering a consent decree that is actually going to infringe on somebody else's fundamental 14th Amendment rights. That you have to take pause and actually look to see if there's a natural controversy before agreeing to that. And in this particular case, this neighbors that interveners are neighbors to this subject property. Why, why, why, if that's true. Didn't you appeal judge Marbley's decision not to allow you to challenge the consent decree that that seems to be the way to change that concern. No, we actually did appeal, but we, what we did is we actually, we asked to intervene, and the basis of our intervention was to challenge that there was no real controversy. And because there's no real controversy, this, the federal court, the district court had no subject matter jurisdiction to enter into a consent decree. I hear you. Okay, I hear you. I just want to make sure we're not talking past each other. You know, people make alternative arguments. Judge Marbley under Rule 24a said you could intervene solely to deal with the 12b6 motion not to deal with the consent decree and I'm making the point. To the extent the federal court had subject matter jurisdiction, the way for you to serve your clients interests would be to claim that the consent decree doesn't account for the 75% of genomic township voters who opposed this development and you but your appeal does not say judge Marbley aired in refusing to let you challenge the consent decree. No, what we did say is that we are appealing the whole thing, but we said was we, we filed our motion to intervene. We had to file a proposed answer. GTRD filed a proposed motion to dismiss on under failure to state a claim. Luke and Janine Schroeder's budding property owners who are also part of GTRD filed a separate motion to intervene and they filed a proposed answer. Judge Marbley came back and said, okay, you, you guys qualify under 24a and as well as 24b, you can intervene and you can for the sole purpose of challenging the sufficiency of the complaint. Now, it didn't say just to 12b6, it said the sufficiency of the complaint. So we took that to mean that the proposed answer that we had filed a motion to dismiss, which we said 12b6 and subject matter jurisdiction, it wasn't just 12b6. We added that the court lacked subject matter jurisdiction because there's no real controversy, no real federal issue. And so that's what we did. We filed that what we proposed and jointly, they filed that. So I don't think that the district court's opinion limited us to just a 12b6. It allowed us to follow our motion, which challenged the, the, their complaint, whether or not there was a real complaint and whether or not the district court had subject matter jurisdiction because it lacked a real. In your, in your appellate brief before us, do you say the district court made the mistake of thinking of this as a 12b6 case, you should have thought of it as a 12b1 case. And you, the Sixth Circuit need to consider this as a 12b1 case, say there was no jurisdiction to handle the complaint and therefore no jurisdiction for the consent decree. Is that in your appellate brief? What is in our brief is we... Be, be, be kind to us. Is that in your appellate brief? It is, but it's, but it's under different, the way that you're, you're assuming that, or that not assuming your, you stated that the district court just only ruled on the 12b6. The district court actually ruled on our motion that was attacking the complaint for lack of controversy, as well as our complaint for subject matter jurisdiction. So it ruled on both and we appealed both, its decision. May I proceed? Oh yeah, yeah, no silence is a good sign. Thank you. Okay, so, again, the matter arises from the complaint, stating the plaintiffs have stated that their substitute due process was denied because they were entitled to a PRD zoning, that they're equal protect, they were denied equal protection of the law. Because of the results of the referendum. And they base that on that the results of referendum was not rational or that they were targeted out of ill will. What about, what about the animus evidence, the phrase Mr Benghazi, which is in the complaint and then there's actually someone quite explicit on this front. At the consent decree hearing. Using the word terrorist, if I'm remembering now that's of course after the complaint, but it's consistent with the allegation that complain what do we make of that doesn't that sound like a class of one animus. You know, it doesn't your honor. The name, even the deputy when he was saying the name that calls her. It took me a long time to say that name. I think there's an elderly gentleman there that doesn't hear very well that he tried to pronounce pronounce it and he that's that was a name that probably was a news many, many times you saying the word terrorist was also a pronunciation problem. I don't think they said terrorists. I think at the consent decree hearing someone says that I don't recall anyone saying that Tara certainly Well, we'll, we'll see. So you're saying in the complaint that that's not enough for animus a non frivolous animus based complaint. To set aside the results of a referendum based on a couple people, maybe one person not been able to pronounce a name that's very hard to pronounce. It doesn't rise to level. It's just a central pal crossing. The District Court of Ohio. Judge Brown found that and that when they try to State that there's an unequal protection because there's some animus because three petitioners said some things that were that were maybe unkind or whatever against the developer, but that wasn't enough to impute the whole vote of the referendum of the citizens. What is, what is the standard to set aside a referendum in Ohio. Well, I mean, It's got to be compelling evidence that there are some sort of like fraud or something like that, or that it does Enter in a consent decree, they have to establish there was some fraud in the referendum or No, I just understood your question. I thought you're asking in a general sense. So the second part of business as far as the constitutionality of it. The highest Supreme Court said that it has to be beyond reasonable doubt. That's what they equated to beyond fair debate that the results of the referendum was not based on some rational Okay. Okay. Ohio allows the referendum, but they Ohio also allows a consent judgment in this circumstances. And what do you say is the standard they have to meet to enter into a consent judgment that can affect nullifies the referendum. I think it's a really good question. The provision is It's very rarely use since its inception, just a handful of cases, not in this particular situation, but basically what you have to have. And then it's a useful tool. If there's a real controversy. Okay, you have to have a Okay. I mean, you don't, you don't need to have fraud. You don't need to have your rationality. All these other things you talked about you if there is if there is subject matter jurisdiction, the parties in this circumstance can settle the case, despite the referendum. Is that correct, right. Okay. All right. All right. That's all I wanted to know. Thank you. All right, I'm a school so you'll get your full rebuttal. Who is next. Good morning, your honors. Just far Miller Boris Sater Seymour and peas on behalf of at least Catherine and Benton Benton causer who are here with me today. I've noted that I would see three minutes or whatever my remaining time is to counsel for Genoa township as well. Do you mind at the outset. I'm just helping us with the orientation. I, you probably heard my question. I found myself thinking. The briefs are really looking at 12 be six and if you want to use a rule, it would be 12 be one. But the, the case law would be steel co and this hood decision that says, as long as you've got a non frivolous complaint. There is subject matter jurisdiction. If there's subject matter jurisdiction, you can usually settle the case without more pleadings more decisions or appeals. Absolutely, your honor and I apologize, but in the briefing that really did get conflated the idea of whether we've stated a claim, or there was subject matter jurisdiction. In fact, there is unquestionably subject matter jurisdiction, when the Federal Declaratory Judgment Act is invoked when 42 USC section 1983 is an issue I completely agree with me. Do we even need to rule on Judge Marbley's 12 be six ruling I feel like all we need to do is say these were not frivolous allegations and you do not need to reach the merits. Just one other follow up question just to be fair to Miss Guzman because you I think you have to admit this is an unusual situation and if it weren't for the fact that the Ohio statute actually allows for settlements and consent decrees. I would not be your friend in this case because this really looks sketchy from the voters perspective, but It does seem fair for them to be able to challenge the consent decree. From the perspective. I mean, I know Judge Marbley said you're here just for 12 be six, but I don't know how you can slice it that way. It seems to me. If they can challenge 12 be six, they can make arguments that the consent decree is not respecting their interests. I mean, there's still obviously quite a bit of deference on that, but seems unusual to me that we would not be able to say the consent decree fairly handles this dispute. It does handle this dispute. And in fact, under the law of this circuit and the United States Supreme Court, you actually cannot reach the merits of Judge Marbley's decision on the 12 be six. Under the Scotland decision of this circuit quoting Scott and company. I believe out of the United States Supreme Court, it has been held that You may not consider the merits of the cause. And instead, this is the quote a decree which appears by the record to have been rendered by consent is always affirmed without considering the merits of the cause. And so I appreciate the court reorienting us to that issue because I think we got lost in a neat unique posture of intervention by Judge Marbley where he said, Okay, they can intervene solely for purposes of emotion 12 be six. And I agree with you that has not been appealed. In other words, appellants have not sought from this court, the right to contest the consent decree. And so the inquiry under the law of the circuit ends there. Even if you wanted to go beyond that. Your honor. Well, just to be fair to them, they might have thought, given the way the intervention motion was handled that that was off limits and of course the whole point of doing the 12 be six was to prevent this consent decree. So it does seem to me embedded in Their appearance in the case is authority to say we think this consent decrees unfair. Well, regardless, then they have first they have the hurdle that they can't surmount that they can appeal the consent decree. There's only four instances in which it's allowed and the none of those exist here because there is subject matter jurisdiction and no fundamental right of The appellants has been infringed by the consent decree. Instead, they complain about the availability of 50507 So since the circumstances for appeal of a consent decree don't exist, your inquiry can end there. But even if you are inclined to give interveners, the benefit of the doubt. They still need to have standing to concess the consent decree. They do not. They don't meet any of the three requirements for standing and in any event, even though they didn't appeal, whether the settlement is fair and reasonable the settlement is unquestionably fair and reasonable. There is Go ahead. There is no evidence to the contrary, and any suggestion, your honors, that this was a sham lawsuit. I don't file sham lawsuits my law firm doesn't get involved in straw man settlements. This was contested litigation on valid claims that both sides reasonably compromised using the statutory mechanism of 50507 and To add answer judge Griffin's question of a moment ago. How does a referendum become nullified under Ohio law, the General Assembly of Ohio has shown us the exact requirements, all of which were met here, there needs to be notice. An opportunity to be heard, both at the township level and before the court that took place here judge Marbley made an explicit finding that all of the notice and hearing requirements of the statute were met. And then he went on to note that the settlement is fair and reasonable. So even if you reach the quote unquote merits of the consent decree. They clearly satisfy the requirements of the statute and the settlement, where both sides gave up the Benel causers in terms of their ability to recover damages attorneys fees achieve greater density under the existing zoning, they gave that up. The township gave up the right to vindicate its rights in order to escape potential liability. It is a fair and reasonable settlement, there is no evidence to the contrary. And regardless I think there's very clearly not just non frivolous allegations of an equal protection violation. But in fact, a judge Marley correctly found we've satisfied all of the elements to state a claim in that regard. While appellants counsel points to certain evidence outside of the four corners of the complaint and points to power crossing that case before Judge Graham. The summary judgment standard is not in effect here and power crossing in which I was involved was a full blown evidentiary hearing based on a preliminary injunction the court had the benefit of a full record. As opposed to looking at the four corners of the complaint. Do each of the allegations of equal protection violation exists there. They do. And they certainly are not frivolous. So regardless, I agree with you, Judge Sutton that parties can compromise their litigation at any time we were put in a unique posture with one thing. I think there's some non frivolous allegations in the complaint, separate and apart from this, but one non frivolous allegation would be the Mr Benghazi comment. At the same time, I must say it bothers me to do that anonymously without a date. It seems to me and this day that our time in American history. We ought to be pretty careful about that kind of allegation and it seems to me if it's going to make it into a complaint, there ought to be a at a minimum a date when it happened, and arguably it shouldn't be anonymous, because it really puts the other side in a tough spot. And so I'm probably a little uncomfortable with saying that gets you past the frivolousness because how would you know. Well, I understand your concern and it wasn't intended to be anonymous. It was said at a public hearing before the township trustees and their consideration of the rezoning. I also remember the comments to which you were alluding, Your Honor, where that same gentleman reaffirmed his comments said, I don't care how he pronounces his name is Mr Benghazi to me and did call my client a terrorist. These are incredibly shocking. No, the second one is after the complaint. Yes, I agree. I just wanted to let you know you were remembering the record correctly. But what we also had were allegations related to the Beno causers being outsiders that they couldn't be trusted and none of the public commentary went to the merits of the rezoning itself. Instead, it demonstrated animus and ill will. While Ms Guzzo speculated in her brief that perhaps voters were thinking of the comprehensive plan and rejecting this, there's no evidence of that. And again, we're at the 12B6 stage. Did we, taking all allegations as true, tick off the three elements for a class of one claim? And I submit that we very clearly did. And so I think, Your Honors, when you look at the consent decree can't be appealed just based on the law of this circuit. So, Mr. Miller, it sounds like you know this area pretty well. The Ohio statutes contemplate exactly this. But what's your answer to voters, whether it's Genoa Township or elsewhere, that this really, you could argue, undermines the referendum option? In other words, referendum seems to be a check on, say, trustees approving a development that isn't what the majority of voters in the township or the county want. And then you do the referendum, you get it thrown out, and then if all you have to do is a non-frivolous complaint, I mean, you know, a lot of non-lawyers could write a non-frivolous complaint and implicate the subject matter jurisdiction of the federal court, and then you have the consent decree. So is the answer what? What do you do about that? The answer to that question is very clear. It may be unsatisfying to appellants this morning, but it is very clear. Townships in Ohio are creatures of statute. The residents of townships and townships themselves only have the rights and powers given to them by the Ohio legislature. So the Ohio legislature gave township residents the right to referendum under Ohio Revised Code 519.12. But then that same general assembly, the same Ohio legislature, limited that right by passing 505.07, which very clearly gave the township the right, the administration of the township, to settle litigation, approving a rezoning, and that cannot be subject to referendum. So they gave the right, but they also put certain limits upon it. And so the answer to your question, Judge Sutton, is what are they to do? They should seek the repeal of 505.07. And I don't say that flippantly, and as I acknowledge, that's an unsatisfying answer to appellants. But at the same time, federal courts can't be used as an end run around a statutory framework that's very clear and here has been satisfied. So while it may seem as though that right to referendum… Judge, since you know so much about this area, I take it when they refer to consent decrees in court-approved settlements, there's nothing in that that is referring to federal or state court? Is it covering both types of courts? Yes, it's permissible in both federal and state courts and has been employed in both. Not simply in federal court, not simply in state court. The statute refers only to courts. But you're correct. There still has to be subject matter jurisdiction, which existed here. To close with that point, while maybe portions of the motion had been styled as 12B1, and maybe there was a suggestion in the briefing that the court lacked subject matter jurisdiction, it's actually a circular argument. You don't get there unless there's no claim stated and you're thrown out of court. The fact of the matter is, when federal claims were filed, the jurisdiction of this court, the district court, was properly invoked and existed for purposes of the consent decree. All right, Mr. Miller, you filed a cross appeal regarding the order allowing intervention and also a cross appeal as to the partial grant of the motion to dismiss. I assume those are conditional cross appeals, and if we rule in your favor regarding the consent decree issue, that those issues are moot? That is correct, Your Honor. You need not reach those issues. All right, thank you. All right, thank you, Mr. Miller. Mr. Riepenhoff, it sounds like you've got three minutes. Yes, good morning, Your Honors, and may it please the court. David Riepenhoff for the township. And, Your Honors, just to be clear at the outset, as we were in our brief, and Judge Sutton, I will address your very first question in this argument thereafter, but the township is not challenging on appeal and did not challenge before the district court the intervener's motion to dismiss. Our purpose for our appearance in this appeal concerned the scope of the appellant's challenge as to the consent decree. And, Judge Sutton, as to your very first question in this appeal as to the oddity of the 12B6 being adjudicated and whether or not that's a predicate to the consent decree, really, the only answer besides our letter brief that I can provide is that that's the way the district court treated it. It determined upon allowing the intervention to adjudicate the 12B6 motion prior to determining whether the consent… Yeah, no, that's occurred to me. And, you know, one thought, and, you know, it's quite possible, what the district court had in mind was the district court was going to be much more comfortable approving a consent decree with respect to a dispute that could clear the plausibility hurdle of 12B6. So maybe that's part of what was the thinking. But what's strange about it is that means you now have to handle the appeal on the 12B6 in the context of a case everyone's trying to settle. And, of course, the point of settlement is to slow down litigation, not increase it. So that's the thing I'm struggling with a little bit. Yeah, right, Your Honor. And, you know, and other than saying that that's how the district court chose to approach the intervention and then the consent decree, we really have no procedural answer for how the…why the district court chose to go that way. I will say, you know, in my limited time here that, you know, as to the scope of the intervention, I've heard what's been argued today. And I'll note that in the reply brief of the interveners on page…document 34, page 16, the interveners do say that they concede that their purpose for intervening was simply to file the motion to dismiss. So we really can't reconcile that with the, you know, the arguments on…during their first brief on page 27 about chapters 2505 and 2506 and whether that might…the consent decree might somehow nullify the…their appeal under those chapters. Well, they're kind of linked because if you went on 12b-6, you don't get a…you know, the odds are high there wasn't going to be a consent decree. So that suggests this was their vehicle for challenging the consent decree. I'm thinking on it, but not sure. Not sure. And Your Honors, you know, as to the fairness and the reasonableness of the consent decree and as to Judge Sutton, one of your last questions to Mr. Miller, the consent decree statute itself allows for the district court or a state court, if that's the posture it's in, to consider whether the consent decree is fair and reasonable. And given the record here, including that, you know, what was discussed at the consent decree hearing with the technical review of the application, the court would have considered that this is, you know, a lower density and all the other terms that are connected with the settlement. That's my time, Your Honors, given any other…barring any other questions, then I'll defer. Thank you for hearing us. Thank you, Mr. Riebenhoff. Ms. Guzzo, you've got your rebuttal. All right. Thank you, Your Honors. Okay. With respect to the Sixth Circuit in 1985 under Vanguard of Cleveland versus the City of Cleveland, the court held, it does not however, it held that a party does not lock standing to appeal the entry of a consent decree simply because it's not bound by the consent decree. Moreover, the United States Supreme Court in 1980 in deposit guaranteed National Bank versus Roper to have standing. The party must just have been agreed by the judicial action from which to appeal, which we have been because of the rights of the results of the referendum. As neighbor and property owners, you're being limited by this consent decree. Number two or three, Scots versus Memphis, the Sixth Circuit in 1982, the ability to appeal the consent decree was only limited to those people who's part of the consent decree. It doesn't prevent someone who's not part of the consent decree, who's agreed by the consent decree, especially here, their fundamental rights of the results. I don't have much doubt that you're able to say you were injured when 75% of the voters didn't want this development. So I don't think that's very difficult. Okay. And, and then, with respect to, you know, the appellants, or I'm sorry the plaintiffs have just stated to you that the public records shows that there's animus in your will, that's not the case they made that assertion the allegations, however, because they implicated the meeting, we then the intervenors, and their motion to dismiss provided for the court for the district court for judicial notice, the public records, and nowhere does it say Benghazi, nor does it say anything that's animus to the applicant. Okay, and then, you know, for what for what it's worth Miss Guzzo, if the only goal is a non frivolous complaint. I should think they could probably meet that standard simply by showing that, you know, other developments that were similar were approved and they, they have that argument. Remember, it just has to be non frivolous. They do not have that argument what they did is they actually made that allegations but then they attached to the complaint, the actual, what was actually resumed today, and only one property of the property. Why, why isn't one enough to be non frivolous. But because when I tell you is the properties which was approved in 2002 and 2013 had a density of 1.14. That was the argument there is was 1.89. So that wasn't a mature if it was not a material similarity that this circuit has said, when you're going to have a class of one economic discrimination, you gotta have, you gotta be in all material respects. So I think, I think you probably have me on the merits if it were summary judgment but it's a non frivolous complaint where you figure out factually later whether it clears plausibility or after that material dispute of fact that's that's the trick in this case, I think it's exactly the same as you have no subject matter. They dismiss the complaint that the defendants thought are they. I'm pretty confident if I'm remembering that case correctly wasn't that on summary judgment. So what they did is they filed for emotional emotional pleading, which is the court treats as a 12 he said, or alternatively emotions for summary judgment, the court went and had enrolled on the summary judgment but but their actual motion was either or. And they said there wasn't a claim here and the court agreed, they didn't have their substantive rights weren't denied they didn't have a right to the rezoning to plan residential district, and their protection wasn't, they weren't treated on equally, because every property is subject to referendum, when they're asking for rezoning, and they didn't get their declaratory judgment. It was. Thank you so much, Miss Guzzo Mr Miller Mr Riepenhoff really appreciate your briefs. Thank you for the supplemental brief and of course for answering our questions which we're always grateful for. Thanks so much the case will be submitted. The clerk manager. Honorable court is now adjourned.